ALLIANZ MARINE & AVIATION VERSICHERUNGS AG, LIBERTY MUTUAL INSURANCE EUROPE LIMITED, AND KILN AVIATION
v.
AEROJET HELICOPTERS OF ARIZONA, INC. D/B/A AEROJET HELICOPTER, INC., CONTINENTAL HELICOPTERS, INC., KARL R. RENZ, III, FIRST SOURCE BANK, AEROCOPTERS DE MEXICO, SA, ASSURANCE INTERNATIONAL BROKERAGE CORPORATION, INC., AND RATTNER MACKENZIE LIMITED.
No. 2007 CA 1495.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
MADELINE FISCHER, HEATHER N. SHARP, Attorney for Plaintiff/Appellee, Allianz Marine & Aviation, Versicherungs AG, Liberty Mutual, Insurance, Europe Limited, Kiln Aviation
DANIEL LICHTL, ALBERTO E. STRUCK Attorneys for Cross-Claim, Plaintiff/Appellant, AEROCOPTER DE MEXICO, S.A. DE C. V.
MCNEIL J. KEMMERLY, GEORGE D. FAGAN, MARGARET FROHN, Attorney for Cross-Claim, Defendant/Appellee, Assurance International, Brokerage Corp., Inc.
MARSHALL M. REDMON, HEATHER DUPLANTIS, Attorney for Defendant/Appellee, Rattner Mackenzie Limited
Before: GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
The plaintiff insurance underwriters, Allianz Marine and Aviation Versicherungs AG, Liberty Mutual Insurance Europe Limited, and Kiln Aviation (jointly referred to as AHL Underwriters) initiated this suit by filing a petition for declaratory judgment regarding insurance coverage. AHL Underwriters subscribed to a policy of aviation hull and liability insurance, policy no. 10 049394 000 (the AHL Policy). This AHL Policy insured three aircraft, one of which was the Bell helicopter at issue in this litigation, registration number N-233 AC. The AHL Policy listed Aerojet Helicopters of Arizona, Inc. (Aerojet Helicopters) as the named insured. Endorsement number one to the policy added an additional insured, Continental Helicopters, Inc., as owner and lessor. Karl Renz III is the principal, officer and agent of Aerojet Helicopters, which conducts business in Louisiana, and Continental Helicopters. Assurance International Brokerage Corporation, Inc. (AIB) is the agency that arranged for the issuance of the AHL Policy to Aerojet Helicopters.
In early 2005, Continental Helicopters began negotiations with Aerocopter De Mexico, S.A. de C.V. (Aerocopter De Mexico) for the sale of the Bell helicopter. On May 20, 2005, the sale of the Bell helicopter to Aerocopter De Mexico was finalized. On that same date, AIB issued a document that certified that AIB had effected insurance with various insurance companies that equaled one-hundred percent of the risk for the aircraft and hull liability insurance, held on file with Rattner Mackenzie Ltd. (policy no. 049394), and listed Continental Helicopter and Aerocopter de Mexico as named insureds. AHL Underwriters asserts that this was done without their authorization and without notice to them.
On June 11, 2005, the Bell Helicopter crashed in Northern Mexico. AHL Underwriters then filed the petition for declaratory judgment on October 14, 2005, asking the court to declare the AHL Policy did not provide coverage under the circumstances, and alternatively, if coverage existed, AIB and Rattner Mackenzie Ltd. were obligated to reimburse AHL Underwriters for any amount paid under the AHL Policy, and in the further alternative, the court should declare who among the claimants and potential claimants had a valid claim under the AHL Policy. However, Aerocopter De Mexico did not receive service of the petition for declaratory judgment until October 24, 2006.
Aerocopter de Mexico filed an answer and a reconventional demand against AHL, along with a cross-claim against MB on February 16, 2007, asserting that it was entitled to recover the agreed value of $350,000.00, and asserting that AHL acted arbitrarily and capriciously in denying its claim, thus it was entitled to penalties and attorneys fees under La. R.S. 22:658 and penalties under La. R.S. 22:1220. Aerocopter de Mexico averred that, if it was not entitled to recovery under the policy of insurance with AHL Underwriters, then MB and Rattner MacKenzie Ltd. were negligent in failing to exercise reasonable care and comply with accepted practices regarding procurement of the policy, and were liable to Aerocopter de Mexico for the damages it requested from AHL Underwriters.
Rattner Mackenzie Ltd. answered the cross-claim, denying all liability to Aerocopter de Mexico, asserting that Aerocopter de Mexico had no right of action against it, and that its claims were barred by preemption and prescription. AIB answered the cross-claim, raising the exception of prescription, asserting that the claim was prescribed on its face, and further, raising an alternative exception of partial no cause of action. After a hearing on AIB's exception of prescription, the trial court granted AIB's exception of prescription, dismissing Aerocopter de Mexico's cross-claim against AIB.
Aerocopter De Mexico is appealing that judgment and makes the following assignments of error.
1. The district court committed reversible error when it held that Aerocopter S.A. de C.V. discovered Assurance International Brokerage Corporation Inc.'s alleged failure to procure insurance prior to October 24, 2006, the date Aerocopter de Mexico, S.A. de C.V. was served with the Petition for Declaratory Judgment.
2. The District Court erred in not referring Assurance International Brokerage Corporation[,] Inc.'s exception of prescription to the merits, because the evidence on the exception is intertwined with the evidence on the merit.
The Bell helicopter crashed on June 11, 2005. AHL Underwriters filed suit for declaratory judgment on October 14, 2005. Aerocopter De Mexico was not served with the suit until October 24, 2006 and claims they have never received a denial of claim for any party. On February 16, 2007, Aerocopter De Mexico filed the cross-claim that is at issue herein.
La. R.S. 9:5606 provides:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
The one-year prescriptive period is at issue herein. Aerocopter De Mexico argues that they did not know AHL Underwriters was denying coverage until they were served with the suit on October 24, 2006, and the one year period did not begin to run until then. Thus, their February 16, 2007 filing was within one year of this date and well within the three-year period.
AIB argues that since the cross-claim was prescribed on its face, it was incumbent upon Aerocopter De Mexico to prove the suit was not prescribed, and since Aerocopter de Mexico did not introduce any evidence or call any witnesses at the hearing, they failed to do so.
The burden of proof generally rests upon the party pleading prescription as an affirmative defense. Where, however, the petition shows on its face that the asserted claim has prescribed, that party bears the burden of proving interruption or suspension of prescription sufficient to bring the action within the prescriptive period. Sadler v. Midboe, 97-2120 (La. App. 1 Cir. 12/28/98), 723 So.2d 1076, 1082. Aerocopter de Mexico has failed to offer proof that this suit has not prescribed.
Thus, the trial court judgment granting AIB 's exception of prescription and dismissing Aerocopter de Mexico's claims against it is affirmed. Costs are assessed against Aerocopter De Mexico. This memorandum opinion is issued in compliance with the Uniform Rules  Courts of Appeal, Rule 2-I6.1.B.
AFFIRMED.
McCLENDON, J., concurs, and assigns reasons.
Aerocopter De Mexico asserted that AIB 's alleged proof of an earlier notice, through a letter dated December 19, 2005, was not accepted into evidence. However, the minutes, civil evidence list, and the clerk's notation on the exhibit containing the letter, which notation was made on the day of the hearing on the exception, were sufficient to rebut that assertion. Aerocopter De Mexico did not offer any proof to rebut the letter, which letter evidences that Aerocopter De Mexico had sufficient information to excite inquiry and put it on notice. See London Towne Condominium Homeowner's Association v. London Towne Company, 2006-401, pp. 9-10 (La. 10/17/06), 939 So.2d 1227, 1234. Thus, Aerocopter De Mexico failed to meet its burden to prove that the claim had not prescribed. For these reasons, I respectfully concur.